Eastern District of Kentucky
FILED
APR 13 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| TYRONE L. ANDREWS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0:18-034-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS SMITH, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Tyrone L. Andrews is a prisoner confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Andrews has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]. For the reasons set forth below, the Court will deny Andrews's petition.

In 2010, Andrews pled guilty to multiple crimes, including but not limited to conspiracy to distribute cocaine, distribution of cocaine, and using a communication device to facilitate a drug trafficking crime. *See United States v. Andrews*, No. 6:07-cr-10221-JTM-2 (D. Kan. 2010). In Andrews's plea agreement, he agreed that he "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release." *See id.* at R. 658 at 20. The only exceptions to this waiver

1

were to allow Andrews to appeal his sentence if the trial court departed upwards from the applicable sentencing guidelines range or to assert claims of either ineffective assistance of counsel or prosecutorial misconduct. *See id.* at R. 658 at 21. Ultimately, the trial court sentenced Andrews to 240 months in prison. *Id.* at R. 680.

Despite the waivers in his plea agreement, Andrews appealed his convictions and sentence to the United States Court of Appeals for the Tenth Circuit. The Government, however, promptly moved to enforce Andrews's appeal waiver, and the Tenth Circuit granted that motion and dismissed the appeal. *See United States v. Andrews*, 421 F. App'x 819, 821-22 (10th Cir. 2010).

Shortly thereafter, Andrews filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Andrews asserted numerous claims, including ineffective assistance of trial counsel, prosecutorial misconduct, and judicial misconduct. The district court, however, denied Andrews's motion. *United States v. Andrews*, No. 6:07-cr-10221-JTM-2 at R. 828 (D. Kan. Nov. 28, 2011). The Tenth Circuit then denied Andrews a certificate of appealability and dismissed his appeal. *Id.* at R. 868. Subsequently, upon the Government's motion, the trial court reduced Andrews's sentence to 13 years in prison. *Id.* at 944.

Andrews then sought authorization to file a second or successive motion to vacate his sentence under § 2255. Andrews argued that he improperly received a two-point sentence enhancement even though he did not plead guilty to a gun charge;

evidence from an illegal vehicle stop should be suppressed; the Speedy Trial Act was violated; the third superseding indictment was not proven to a grand jury; and all evidence from a "sneak and peek" should be suppressed. The Tenth Circuit, however, denied Andrews permission to file his second or successive § 2255 motion because he did not present either new law or facts, as required for such authorization. *Id.* at R. 973.

Andrews has now filed a § 2241 petition with this Court, reasserting many of the same arguments he made in his request for authorization to file a second or successive § 2255 motion. Indeed, Andrews raises the following issues in his petition: (1) "failure to prove the legality of the grand jury third superseding indictment;" (2) "illegal vehicle stop;" (3) "improperly received a two-point enhancement;" (4) "Speedy Trial rights;" (5) "the sneak and peek was suppressed"; and (6) "Letting Andrews take an open plea with no argument." [D. E. No. 1-1].

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Andrews's petition under a more lenient standard because he is not represented by an attorney. *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As an initial matter, Andrews knowingly and voluntarily waived his right to collaterally attack his convictions and sentence in his plea agreement. As this Court has recognized on numerous occasions, such waivers are valid and enforceable in § 2241 proceedings. *See Ewing v. Sepanek*, No. 0:14-cv-111-HRW (E.D. Ky. Jan. 6, 2015); *Solis-Caceres v. Sepanek*, No. 0:13-cv-021-HRW (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 5:11-cv-012-JMH (E.D. Ky. Jan. 7, 2011). *See also United States v. Clardy*, 877 F.3d 228, 230 (6th Cir. 2017). Andrews is therefore barred from challenging his convictions and sentence in his habeas petition.

That said, even if Andrews's plea waiver was not enforceable, his § 2241 petition would still constitute an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his convictions or sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being

carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Andrews cannot use a § 2241 petition as a way of challenging his convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. But the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). In this case, Andrews has not made such a showing. Instead, Andrews is simply trying to re-litigate arguments that he either made or could have made on direct appeal and in his § 2255 motion. That is not proper in a § 2241 petition.

Accordingly, it is **ORDERED** that:

1. Andrews's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 13th day of April, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge

5